VICTOR JOHNSON, *Appellee,* v. IDA HARVEY *et al.,*
*Appellants.*

No. 16,689.

SYLLABUS BY THE COURT.

PLEADINGS—*Judgment—Defense Not Raised by Answer—Fore-
closure of Mortgage.* The plaintiff brought an action to fore-
close a mortgage which was in the form of a warranty deed.
The answer consisted of a general denial, an express admis-
sion that the deed was executed for the purpose of securing an
extension of a note and mortgage which were canceled and
surrendered to the defendants, and further alleged that one of
the purposes for which the deed was executed was to enable
the mortgagor to avoid the payment of taxes. There was no
plea of payment. *Held,* that the answer stated no defense, and
that judgment was rightly awarded on the pleadings.

Appeal from Leavenworth district court. Opinion
filed December 10, 1910. Affirmed.

*R. E. Melvin,* and *A. E. Dempsey,* for the appellants.
*M. A. Gorrill,* and *Lee Bond,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action was brought to foreclose a
mortgage in the form of a warranty deed. The plaintiff
was awarded judgment on the pleadings. The defend-
ants appeal.

It is first contended that the demurrer to the pe-
tition should have been sustained because there was
no statement showing when the indebtedness ma-
tured or what the implied conditions of the mortgage
were. We have no difficulty in discovering from the
petition that the note was dated August 30, 1902, was
due five years thereafter, and that no part of the princi-
pal or interest had been paid when the suit was brought,
which was long after the note matured by its terms. It
is also alleged in the petition that by the terms of the
original mortgage the whole sum became due and pay-
able upon the first default in payment of interest, and

that the implied conditions of the deed were the same as those contained in the mortgage. The demurrer was properly overruled.

The defendants fall into the error of assuming that because the note and mortgage were canceled and surrendered the indebtedness in some way was satisfied. But the petition alleges, and the answer admits, that the deed was given for the purpose of securing an extension of the debt represented by the note and mortgage. The fact that the plaintiff surrendered the note to the defendants under these circumstances carried no presumption that the note was paid. Besides, there was no plea of payment. The court rightly awarded judgment on the pleadings. The answer raised no defense. The general denial amounted to nothing. True, the answer alleges that one of the purposes for which the plaintiff took the deed was to avoid the payment of taxes. But coupled with this is the admission that the deed was executed for the purpose of securing an extension of time. The plaintiff being the holder of the indebtedness and the real party in interest, the defendants can not rely upon the case of *Sheldon v. Pruessner*, 52 Kan. 579. In that case the mortgage had been assigned in order that the mortgagor might avoid the payment of taxes. The assignment was held to be fraudulent, and it necessarily followed that the assignee was not the real party in interest, and it was held that he could not maintain the action. According to the averments of the answer in the case at bar the avoidance of taxes was only one of the reasons for changing the form of the security. The satisfaction of the judgment against the defendants would be a complete protection from further liability. (*Greene v. McAuley,* 70 Kan. 601; *Cobe v. Hackney,* ante, p. 306.) It is no concern of theirs whether the taxes on the mortgage were paid or not. This is not a case where the plaintiff, in order to establish his case, is obliged to rely upon an illegal transaction.

The judgment is affirmed.