No. 21,733.

R. S. MAGEE, *Appellee*, v. E. B. SNYDER and ADA SNYDER, *Appellants*, et al.

### SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT—*Assignment of Judgment—Oral Evidence.* A jury being waived, it was not material error to permit the plaintiff's attorney to testify concerning a verbal agreement which the trial court correctly ruled could not be received to vary the written contract of assignment of the judgment involved herein.

2. SAME—*Satisfaction of Judgment—Admission by Judgment Creditor.* By entering satisfaction of the judgment the judgment creditor admitted its payment, which was, in effect, an admission that he was under obligation to pay his assignee his portion thereof.

3. SAME—*Order of Court Directing Payment—Properly Made.* The trial court correctly directed payment to be made out of the proceeds of the notes in satisfaction of the judgment, when such notes should be paid.

4. ASSIGNMENT OF JUDGMENT—*Consideration.* The evidence shows a sufficient consideration for the assignment of the judgment.

5. SAME—*Failure to Pay Taxes.* The mere failure to pay taxes on his interest in the judgment does not preclude a recovery by the plaintiff.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed October 12, 1918. Affirmed.

*W. A. S. Bird,* of Topeka, for the appellants.

*H. W. Page,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: Snyder sold on time a restaurant to the Roushes for $500, Magee signing the note as surety. Snyder sued on the note, and Magee paid him $250 on condition that he be released from any further liability, and that any judgment which might be recovered should be assigned to him to the amount of $250, with interest, the assigned portion of the judgment "to be due and payable . . . when the full amount of said note and interest sued upon herein is paid with the costs of the above entitled action." Snyder recovered judgment for $591.75. A good many years afterwards, without the knowledge of Magee, he entered satisfaction of this judgment upon the records in

the clerk's office, having settled with the Roushes by taking a note for $400 to his daughter, Ada Snyder, and a note for $50 to himself. Magee sued Snyder and daughter to recover his $250 with interest. At the close of the evidence it was stated by the court that, the plaintiff having no question of fact he wished to submit to the jury, and the only question the defendants desired to submit being the good faith of the transaction between Snyder and his daughter, if the evidence were submitted to the court it would find that there was no bad faith in this transaction; whereupon, the parties waived a jury, and on the one issue of fact the court found that the note for $400 was transferred by Snyder to his daughter for a preëxisting debt, and that she became owner subject to any claim that the plaintiff might have, provided he was entitled to any claim or lien, which question was left open for further consideration and determination. The court found that there was no fraud on the part of the Snyders in the matter of the transfer of the note to the daughter.

Later, judgment was rendered for the plaintiff, and upon passing on the motion for a new trial findings of fact were made. These were, in substance, that for a valuable consideration Snyder transferred to Magee an interest in the judgment that might be rendered, setting out the written assignment and contract; that the judgment rendered in 1908 was revived in June, 1915; that in April, 1916, Snyder, without the knowledge of the plaintiff, entered satisfaction, receiving from the Roushes the two notes, the one for $400 being made payable to the daughter, to whom Snyder was indebted in the sum of about $400; and that by agreement between Snyder and the daughter the note was executed to her in payment of his debt, the daughter taking it in good faith and without knowledge of the agreement between Snyder and Magee.

As a matter of law it was concluded that the plaintiff was the owner of and entitled to recover an interest in the notes to the amount of his claim of $250, with interest, and it was ordered that the notes be held within the jurisdiction of the court, and when paid the plaintiff was to receive therefrom the amount due him, the remainder to go back to the daughter or such person as she might direct.

The first complaint of the defendants is that the plaintiff's

attorney was permitted to testify touching the verbal agreement had between Snyder and Magee at the time of the payment of the $250 and the assignment of the interest in the judgment, to the effect that Snyder was to look after the collection of the judgment and after he had collected it to pay Magee, and that the assignment was not to be recorded. On motion to strike out, the court remarked that this evidence could not be received to vary the written contract in any respect, but permitted it to stand. With this restriction it does not appear that the reception of this evidence could prejudice the court in a trial in which the parties waived a jury. (*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748; *Gordon v. Gordon,* 92 Kan. 730, 142 Pac. 242; *Cadwalader v. Pyle,* 95 Kan. 337, 341, 148 Pac. 655.)

Counsel argues that Magee, having alleged that the Roushes misrepresented their ability to pay and thereby fraudulently procured the satisfaction of the judgment, should have proceeded against the Roushes to set aside the release. But whatever he might have done in this respect could not deprive him of his right to proceed against Snyder on his liability under the contract and arrangement by which the interest and the judgment were assigned to Magee.

It is next contended that it was as much to the plaintiff's interest to see to the collection of the judgment as Snyder's, and that because he learned of the ability of some of the Roushes to pay he should look to them, and not to Snyder. But when Snyder entered satisfaction of the judgment he thereby entered of record a solemn declaration that the judgment had been collected, which was in effect an admission that he was under obligation to pay Magee his portion thereof, and, having done this, he cannot be heard now to complain that Magee seeks to hold him on his contract.

It is further contended that the taking of the notes was not a collection or payment of the judgment as required by the terms of the written assignment, but the judgment and order provided that when the notes were paid the proceeds were to be applied first to the liquidation of the Magee interests, and of this Snyder cannot complain.

It is insisted that if Snyder owed both his daughter and Magee he had a right to prefer either one as a creditor. This is

Magee v. Snyder.

doubtless true so long as he used his own money or property to make such preference, but there is no rule which permits a debtor to take the money or proceeds of the property of another to prefer a third person to whom he is indebted; and when Snyder assumed to satisfy the judgment, such satisfaction included the portion owned by his assignee, to whom by his former agreement the proceeds were to be paid.

It is argued that the assignment was without consideration and void, because by paying the $250 Magee was simply fulfilling an obligation already resting on him. According to the answer of Magee in the original suit, he signed the note on condition that Snyder take a chattel mortgage upon the restaurant property as a protection to Magee for signing the note as surety, and Snyder had sold and disposed of the mortgaged property, which was worth $700. It is suggested by counsel that Snyder, rather than be compelled to show how much he sold the restaurant for, chose to settle with Magee for $250 and the transfer of the interest in the judgment. Magee testified that after he had filed his answer in that action he understood a settlement was made so far as he was concerned, that he paid Snyder under the contract $250 and did not prosecute his case any further so far as his rights were concerned. He also testified that there was plenty in the restaurant to pay all of the note, and that he paid $250 to Mr. Snyder and abandoned his defense to Snyder's action on the strength of the agreement. Hence, the finding that the assignment was for a valuable consideration is not without support in the evidence.

The mere failure to pay taxes on his interest in the judgment did not preclude a recovery by Magee. (*Johnson v. Harvey,* 83 Kan. 471, 112 Pac. 108.)

The judgment is affirmed.