R. E. FLEMING, *et al.,* v. LOUIS OSSINSKY, as Executor of the Estate of Clara Cass, deceased.

158 So. 116.
Division B.
Opinion Filed July 24, 1934.
Opinion on Rehearing Filed October 30, 1934.

*John S. Byington,* for Appellants;
*Edith H. Horn,* for Appellee.

PER CURIAM.—The record in this case shows that answer to bill of complaint was filed August 7th, 1933. On the 9th day of August, 1933, complainant's solicitor served notice on solicitor for answering defendant that he would bring the cause on for trial before the Chancellor on August 15, 1933, at 9:30 o'clock A. M. The case was so brought on

for trial before the Chancellor and on August 16th, 1933, the Chancellor entered decree in favor of complainant.

Trial and decree were premature as under Section 39 of Chapter 14658, the 1931 Chancery Practice Act, the cause did not stand at issue until the expiration of ten days from the date of the filing of the answer.

The trial was had and the decree rendered before the cause was at issue and, therefore, the decree must be reversed. See 34 C. J., Sec. 192, page 62.

Reversed.

DAVIS, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

WHITFIELD and BROWN, J. J., dissent.

## ON PETITION FOR REHEARING.

BUFORD, J.—This case is before us on rehearing granted pursuant to a Per Curiam Order of Affirmance entered herein on the 4th day of July, 1934.

In that Order we held that the trial and decree were premature because of the provisions of Section 39 of Chapter 14658, 1931, known as the Chancery Practice Act, and that because of the provisions of this Act the cause did not stand at issue until expiration of ten days after date of the filing of the answer.

The record shows that the answer to the bill of complaint was filed August 7, 1933. On the 9th day of August, 1933, complainant's solicitor served notice on solicitors for the answering defendants that the cause would be brought on for trial before the Chancellor on August 15, 1933, at 9:30 o'clock A. M.

The record further shows that the cause was so brought on for hearing before the Chancellor and it shows that on that date upon the motion of the solicitor for the answering

defendants the Chancellor continued the hearing until the 16th day of August, 1933. On the 16th day of August, aforesaid, the cause came on for trial before the Chancellor and the record shows that all the parties, that is the complainant and the defendants who had filed answers, were represented before the Court by their respective solicitors of record and all testimony offered on behalf of the respective parties was then taken before the Chancellor. At the conclusion of the taking of testimony counsel for the respective parties presented their arguments to the Chancellor and thereupon the Chancellor entered his decree in favor of the complainant.

After further consideration of the case a majority of the Court are of the opinion that while the cause was prematurely set down for hearing, the defendants through their solicitors of record waived this point and by appearing and participating in the hearing without objection in this regard they forfeited any right to claim the benefit of the statute above referred to and they cannot now complain that the Chancellor proceeded with the taking of testimony and determination of the cause pursuant to a hearing in which they without objection participated.

Other questions presented have been considered with the result that we find no reversible error.

For the reasons stated, the Order entered by this Court on July 24, 1934, is set aside and cancelled and the decree from which appeal is taken is now affirmed.

So ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concurs in the opinion and judgment.