CLARENCE C. CLIFFORD, *et ux.*, v. EASTERN MORTGAGE & SECURITY COMPANY, *et al.*

166 So. 562.
Opinion Filed March 9, 1936.

*Crawford & Gaskin* and *S. G. Gaskin,* for Appellants;

*Milam, McIlvaine & Milam* and *J. Henry Taylor,* for Appellees.

·DAVIS, J.—The appeal here is from a final decree of foreclosure of an assigned mortgage. Motion to dismiss the appeal as frivolous is now before the Court. Such motion should be denied on the authority of Treat v. State, *ex rel.* Mitton, 121 Fla. 509, 163 Sou. Rep. 833, wherein it was held that a frivolous appeal is one presenting no justiciable question or one so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect that it can ever succeed. In this case the appellant has raised two distinct questions of law, both of which have been properly presented by the record and appropriate assignments of error. The probability, or even likelihood, that the assignments of error will not result in a reversal of the decree appealed from does not render the appeal *per se* frivolous, where no other circumstance of bad faith is made to appear, other than appellant's standing on insisting upon technical adherence to rules of procedure as a ground for appellate proceedings.

Section 28 of Chapter 4658, Acts of 1931 (1931 Chancery Act), plainly requires that the name, and, when known, *the residence* of each plaintiff and defendant, shall be stated in the bill. The bill of complaint in this case was brought by plaintiff below as "a corporation organized and existing under the laws of the State of Delaware and duly authorized to transact business in the State of Florida." Such state-

ment was a sufficient compliance with Section 28 of the Chancery Act as to the place of residence of the complainant. If for any good cause shown by defendant as ground therefor a more definite and particular statement of complainant's place of residence was essential to defendant's interest, it was within the power of the Chancellor to have ordered it on appropriate motion.

The bill of complaint appropriately alleges the status of complainant as an assignee of the morgtage being foreclosed. There is nothing in Section 5748 C. G. L., 3845 R. G. S., to require as a matter of law that where a mortgage has been assigned, the copy of the assignment or assignments of it shall be attached to the bill of complaint in like manner as the original mortgage, or a copy thereof, is required to be so annexed in accordance with that statute, in order to make the bill sufficient to withstand a motion to dismiss.

The case being now before us on a renewal of appellant's motion to dismiss the appeal as frivolous, and it clearly appearing from a consideration of the record that, notwithstanding the circumstance that this case has not been reached for final hearing on its merits as an appellate controversy, that no reversible error sufficient to warrant a setting aside of the final decree appealed from has been made to appear in the transcript the decree appealed from is now affirmed. See: Holtsberg v. McCarty, 117 Fla. 554, 158 Sou. Rep. 123. Compare Treat v. State, *ex rel.* Mitton, 121 Fla. 509, 163 Sou. Rep. 883, and cases cited.

Affirmed on motion to dismiss as frivolous.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.