GEORGE M. POWELL, *et al.,* v. NEW YORK LIFE INSURANCE COMPANY.

194 So. 232
Division A
Opinion Filed February 16, 1940
Rehearing Denied March 11, 1940

*George M. Powell,* for Appellants;
*W. H. McCoy,* for Appellees.

PER CURIAM.—Appeal brings for review final decree in foreclosure of a real estate mortgage.

Appellants have presented in brief fifteen (15) questions for our consideratoin, all of which we have carefully considered. Few of these questions are new to this Court and all must be determined adversely to the appellants. We will state the questions as stated by appellant and cite authority under each for holding adversely to appellants' contention.

The first question is:

"Where, as in this case, there are non-resident defendants, is it necessary to file an affidavit of good faith?"

See Sec. 2579 R. G. S., 4219 C. G. L.; 2580 R. G. S., 4220 C. G. L.; Georgia Casualty Co. v. Donnell, 109 Fla. 290, 147 Sou. 267; Santa Rosa County, *et al.,* v. Trobuck, *et al.,* 77 Fla. 86, 80 So. 748.

SECOND QUESTION: "Where, as in this case, the mortgage sought to be foreclosed consists of and comprehends and includes three papers, viz.: an original mortgage, an assignment and an extension agreement between the mortgagors and the assignee, is it necessary to comply with the statute that a copy of each of the three papers be made a part of the bill?"

See Sec. 3845 R. G. S., 5748 C. G. L.; Clifford, *et ux.,* v. Eastern Mortgage & Security Co., *et al.,* 123 Fla. 180,

166 Sou. 562, 42 C. J. 83, Sec. 1615; McCarthy's Fla. Chancery Act, Annotated, 2nd Ed., page 59.

THIRD QUESTION: "Was the description contained in the original mortgage sufficient?"

See Trumbull v. McIntosh, 103 Fla. 78, 138 Sou. 34, page 35; 1 R. C. L. 236, Sec. 11; 8 R. C. L. 1088, Sec. 145; Delvin on Real Estate, 3rd Edition, Vol. 2, Sec. 1028-A, page 1986.

FOURTH QUESTION: "Where, as in this case, there is a clause in the description reading: 'including all riparian rights thereunto appertaining,' is such description sufficient?"

See authorities cited under Third Question.

FIFTH QUESTION: "Where, as in this case, the defendants Powell and wife set forth in their answer the following: 'But these defendants further say that at the time of the execution and delivery of the said mortgage there were no riparian rights appertaining to the said described property; this for the reason that before said time the property lying between the said property and the St. Johns River had been filled in and a dock or wharf had been constructed on a part thereof, so that at the time of the making of the said mortgage the said mortgaged property did not extend to or abut upon or against the waters of the said St. Johns River or upon or against any other waters,' was the court below justified in striking such matter, and thereby deprive the said defendants of the opportunity to prove it and to show that the property at the time of the giving of the original mortgage did not have any riparian rights appertaining thereto "

See authorities cited under Third Question.

SIXTH QUESTION: "Where, as in this case, the defendants, Powell and wife, seek to have the difference between the descriptions of the first and second mortgages

defined and made plain by alleging that: 'But these defendants say that it is not true and these defendants deny that the description in the said mortgage to the said Atlantic National Bank is the same as that in the mortgage sought to be foreclosed herein, or that the lien of the said mortgage to the Atlantic National Bank, or the interest under said mortgage is junior, subject or subordinate to the lien of the mortgage sought to be foreclosed herein as to all and every part of the property described in the said mortgage to the said Atlantic National Bank,' was the court below justified in striking such matter and thereby deprive said defendants of an opportunity to prove it?"

See authorities cited under Third Question.

SEVENTH AND EIGHTH QUESTIONS: "Where, as in this case, the defendants, Powell and wife, included in their answer the following allegations: 'These defendants say that they are without knowledge as to the matters and things set forth in the first amendment to the said bill of complaint filed by leave of court September 4th, 1937, and refiled September 6th, 1937. But these defendants further say that the said Bula Coker and said J. K. Williamson do not and did not reside in Duval County, Florida, but on the contrary thereof resided in Palm Beach County, Florida, and still so reside, and that no affidavit of good faith was filed with the said bill of complaint or said amendment or supplement thereto, and this Court was and is without jurisdiction of the said Bula Coker and said J. K. Williamson. And these defendants hereby move the court to dismiss the said bill of complaint and said amendment and supplement thereto because of such want of jurisdiction,' was the court below justified in striking such matter, and thereby deprive the said defendants of the opportunity to

prove it, or to have the advantage of the constructive denial of the allegations of the bill referred to and denied by it?"

EIGHTH QUESTION: "Where, as in this case, the defendants, Powell and wife, included in their answer the following allegations: 'These defendants say that they are without knowledge of the matters and things set forth and referred to in the second amendment and supplement to the said bill of complaint filed herein on Novembre 18th, 1937. But these defendants further say that the said Sydnor J. Tucker did not and does not reside in Duval County, Florida, but on the contrary, resides in Palm Beach County, Florida, and so resided at the time of the filing of said second amendment and supplement and ever since said time, and yet no affidavit of good faith has been filed herein with the said bill of complaint or with said or either of said amendments or supplements thereto, and this Court was and is without jurisdiction of the said Sydnor J. Tucker. And these defendants hereby move to dismiss the said bill of complaint and said amendments and supplements thereto, each and every, because of such want of jurisdiction,' was the court below justified in striking such matter from said answer and thereby deprive the said defendants of the opportunity to prove it, or to have the advantage of the constructive denial of the allegations of the bill referred to therein and denied by it?"

See authorities cited under First Question.

The record shows that before filing of answer by defendants in the court below Bula Coker and J. K. Williamson had been dismissed as parties defendant and Tucker had filed his answer submitting to the jurisdiction of the court.

NINTH QUESTION: "Where, as in this case, the defendants, Powell and wife, include in their answer the

following allegations: 'These defendants further say that they are without knowledge as to whether the said alleged obligations have ever been duly returned for taxation either by the said plaintiff or by the said Stockton Mortgage Company as required by law,' was the court below justified in striking such matter and thereby deprive the said defendants from proving it, or to have the advantage of the constructive denial of the matter referred to?"

TENTH QUESTION: "Where it is alleged, and by motion to strike admitted that complainant has defaulted in payment of intangible tax due the State of Florida upon the mortgage, assignment and extension sought to be foreclosed should a court of equity enforce such an obligation?"

ELEVENTH QUESTION: "When it is alleged and admitted that the complainant is in default in the payment of the intangible tax upon the security sought to be enforced, and upon which the State of Florida has a lien, is the State of Florida or the Comptroller thereof a necessary party to the suit?"

The record discloses that by the terms of the mortgage, appellants agreed: "To pay all and singular the taxes, assessments, levies, liens, liabilities, obligations and encumbrances of every nature and kind on said described property and upon this mortgage and the indebtedness secured hereby, each and every."

This is a new question here; but we think that the holding in Crowns v. Forest Land Co., 99 Wis. 103, 74 N. W. 546, and in Berridge v. Gaylord, 108 Kan. 105, 193 Pac. 1066, 21 A. L. R. 393, enunciates correct principles of law to be applied. In the Crowns case it was said:

"The contract between the parties was one they were not prohibited in making and, so far as anything appears in the answer, the mortgagor received full and complete considera-

tion for it. The only taint in the transaction is the alleged violation of the revenue laws * * *. When the revenue laws provide ample punishment for the evasion by taxpayers of their just dues it would seem a monstrous injustice to permit a mortgagor to defeat payment of his debt by bringing any such issue into a suit to foreclose his mortgage. The alleged turpitude of the mortgagee furnishes no grounds for a discharge of the mortgagor from the payment of his just debt. Thus, it will be seen that under any aspect, the answer of the appellant was 'as a bowing wall or a tottering fence' and the ruling of the trial court in striking the same out was proper."

TWELFTH QUESTION: "Does a subsequent demand for the performance of a contract of obligation, either in whole or in part, constitute a waiver of a previously declared default and anticipation of maturity?"

Our research has not disclosed where this particular question has been presented to this Court heretofore, but we think there is no merit in the contention. See Green v. Richards, 244 Mass. 495, 139 N. E. 175; 41 C. J. 862, Sec. 1057; Parker, *et al.*, v. Oliver, 106 Ala. 549, 18 Sou. 40.

THIRTEENTH QUESTION: "Under the chancery practice in vogue during the year 1939 in Florida, is a defendant entitled to notice of hearing and hearing of exceptions to the report of a special master filed in a case such as the case at bar, or may the court proceed to a final decree without such notice and hearing on any setting down or calling up of the said exceptions for hearing?"

The decree recites, *inter alia:*

"This cause, after *due notice* coming on this day to be heard upon the motion of plaintiff * * * and it further appearing that the special master herein appointed in this cause, pursuant to that certain order of reference made

herein on the 23rd day of November, A. D. 1938, has taken the testimony and proof adduced, and offered in said cause, and has duly returned and filed his report herein, *whereof due notice in writing has been duly served upon the representative solicitors of record of said answering defendants,* that the time allowed in said order of reference as extended for taking testimony has elapsed, and that the exceptions filed to said report of the special master should be overruled, and that *due notice in writing of the time and place of the final hearing* has been served upon the respective solicitors of record of said answering defendants." (Emphasis supplied.)

The recital in the decree of the chancellor gives verity to the fact that *due notice* was given and, in the absence of an affirmative showing in the record that such recital is without foundation, we must take it as being correct and sufficient to show that due notice was actually given.

Therefore, the appellants are bound by the record. See Sheffield, *et al.,* v. Virginia-Carolina Chemical Corporation, 114 Fla. 721, 154 Sou. 833; Feming, *et al.,* v. Ossinsky, 117 Fla. 348, 158 Sou. 116.

FOURTEENTH QUESTION: "The court below in the final decree entered herein decided that the exceptions filed by the defendants, Powell and wife, to the report of the special master were, each and every, not well taken."

No error is made to appear in this regard.

FIFTEENTH QUESTION: "The court below decided that upon the proceedings preceding the final decree rendered herein the court was justified in rendering the final decree."

The record has been examined and no reversible error is made to appear.

The decree is affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.