PER CURIAM.
The appellant was the defendant and a counterclaimant in an action by the plaintiff-counterdefendant to foreclose a mechanic’s lien upon defendant’s building. The plaintiff had been the building contractor; the defendant was the owner. The counterclaim was for the allegedly defective and unworkman-like performance of the building contract. The trial resulted in a judgment (1) for the plaintiff contractor in the amount of $10,460.00 upon his claim and (2) for the defendant-counterclaimant owner in the amount of $1,066.00 as a set-off.
On this appeal, the owner contends that the court lacked subject matter jurisdiction because the contractor furnished the contractor’s lien affidavit required by Section 713.06(3)(d)(l), Florida Statutes (1975), four days before filing suit, instead of five days, as required by the statute. See Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla.3d DCA 1975); and Falovitch v. Gunn and Gunn Construction Co., (Fla. 3d DCA 1976) released this date. We need not decide whether the use of the word “jurisdictional” in the cited cases means lack of subject matter jurisdiction, as the appellant contends, because the *71 point was not presented to the trial court by a motion to dismiss. Instead, the owner admitted service of the affidavit “pursuant to the statute” and counterclaimed in the suit. The claim of “lack of jurisdiction” was not presented until plaintiff completed his case. Under these circumstances, we hold that the court had jurisdiction to complete the cause. Cf. Fleming v. Ossinsky, 117 Fla. 348, 158 So. 116 (1934).
The second point presented claims the judgment was against the manifest weight of the evidence. No error appears because the court properly allowed amendment of all pleadings to conform to the evidence and the amount found due on the contract is supported by the evidence.
The third point presented claims error because the trial judge sustained objection to an item of claimed damages on the counterclaim. The basis for the objection was that the damages claimed were special' damages and were not pleaded. Nevertheless, the court later ruled:
“That where any pleading in this case did not conform to the evidence submitted at trial, such pleadings were amended to conform to such evidence and proof so that all claims of both parties could be determined on their merits.”
We hold, therefore, that the court erred in failing to consider and rule upon the evidence as to damages which was objected to and subsequently tendered at the trial.
Affirmed in part, reversed in part and remanded for a new trial on the issue of damages upon the counterclaim.