PER CURIAM.
These appeals are by Tomorrow’s Choice, Inc., defendant/counter-plaintiff from a final judgment and an amended final judgment in a mechanic’s lien foreclosure suit. The cause was previously before this court in Tomorrow’s Choice, Inc. v. Bassing Co., Inc., 343 So.2d 70 (Fla. 3d DCA 1977). By direction of this court, the cause was remanded for a new trial on the issue of damages on the counterclaim. At the conclusion of that trial, the judge found that the counter-plaintiff was not entitled to recovery and taxed costs and attorney’s fees against the counter-plaintiff.
On this appeal, three points are presented. The first urges that the trial court erred in not awarding the counter-plaintiff damages on its counterclaim because the evidence conclusively demonstrated that the counter-plaintiff was entitled to recovery. The second point urges that the trial court erred in awarding attorney’s fees pursuant to Section 713.29, Florida Statutes (1973), which is the statute allowing attorney’s fees *532 in an action brought to enforce a mechanic’s lien. The third point urges that it was error for the trial court, in its final judgment, to assess costs against the appellant including the costs of the first appeal where the appellant gained a partial reversal.
We hold that there is no merit in the first point presented inasmuch as an examination of the record supports the finding of the trial court that there was no proper proof of damages by reason of the claimed delay in the completion of a certain portion of the construction contract. The second point, likewise, does not show error under the holdings in Peacock Construction Company v. Gould, 351 So.2d 394 (Fla. 2d DCA 1977); and Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973).
It is our view that the third point does present error. Florida Appellate Rule 3.16 (in effect at the time of the first appeal) provides:
“a. Cost of Record-On-Appeal. Reasonable costs for preparing the record-on-appeal by the clerk of the lower court may be taxed in the lower court after the filing of the mandate.
“b. Where Taxed. All costs including appellate costs shall be taxed in the lower court pursuant to law.”
The appellant, in the first appeal, having procured a reversal of a substantial portion of the judgment, is entitled to appellate costs in that appeal. The trial court has the duty to assess appellate costs in accordance with the ordinary rule that a prevailing party, barring unusual circumstances, is entitled to costs. Cf. the federal position in City of Stuart v. Green, 94 F.2d 942 (5th Cir. 1938); also cf. Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 79 (1932); but see General Capital Corporation v. Tel. Service Co., 239 So.2d 134 (Fla. 2d DCA 1970). Where the record does not show a reason for the failure to follow the ordinary rule, the rule should be followed. Of course, a successful appellant is not entitled to unnecessarily incurred costs.
Accordingly, the judgment is affirmed except for appellate costs, and the cause is remanded to the trial court for an order assessing appellate costs on the first appeal in accordance with the directions herein.
Affirmed, except for costs.