LARRY G. SMITH, Judge.
This worker’s compensation appeal is concerned primarily with alleged material errors in the deputy commissioner’s findings of fact upon which he denied the appellant-claimant’s petition for modification. We reverse.
In paragraph five of the order the deputy commissioner found, based upon the testimony of Dr. Eugene Komrad, that the claimant’s surgery for duodenal ulcers was not causally related to her industrial accident. The error is that Dr. Komrad’s testimony related only to the medication, aspirin, as a cause of ulcers, and his testimony did not eliminate ingestion of the medication, Butazolidin, as a possible cause of duodenal ulcers.
Paragraph six contains a finding that “claimant never advised any of her numerous attending and treating physicians that she has fallen and injured herself as a result of her left leg giving way due to pain and weakness of her left lower extremity caused by her compensable phlebitic condition.” The error is that the record shows that claimant did advise Dr. Engelmann, a chiropractor, of these falls. In the same paragraph the deputy commissioner found that the records of American Hospital contained no record or history of the claimant’s alleged weakness of the left lower extremity. The error is that American Hospital’s records do show that claimant was admitted to that hospital on October 8, 1974 for thrombophlebitis of her left leg.
Paragraph six also contains the finding that “based upon the testimony of Dr. Eugene Komrad and Dr. Pedro Ramos, that since August, 1974, the claimant has had no further evidence of active phlebitis.” The error is that Dr. Komrad did not see the claimant after December, 1973; and, although Dr. Ramos did testify that claimant did not suffer active phlebitis after August, 1974, he did point out that the claimant was suffering from post-phlebitic syndrome, and he made the diagnosis that the falls the claimant related to him were the results of the symptoms from the post-phlebitic syndrome.
Finally, in paragraph seven the deputy commissioner’s order contains the finding that the claimant’s present complaints of neck, low back and right shoulder pain, as well as the necessity for neck and right shoulder surgery, were not precipitated or caused by the claimant’s falling as a result of her leg giving way, “but are in fact attributable to emergency efforts to resuscitate the claimant when she fainted while undergoing diagnostic tests ... in October 1975 .... ” The error is that the claimant obviously had these complaints of neck, low back and right shoulder pain before the incident involving emergency resuscitation efforts in October, 1975.
We do not expect or demand perfection in the factual recitals in worker’s compensation orders. See Indian River County Road & Bridge v. Stalling, IRC Order 2-2897 (1975). We are not unmindful of the arguments and references to the record contained in the brief of the appellees, from which it appears that each of the ultimate findings of fact made by the deputy commissioner can be supported by record evidence. We also acknowledge and appreciate the forthright manner in which appel-lees have addressed the problems presented here, by clearly admitting those errors of fact where they appear in the order.[1] Nonetheless, we think the ends of justice would be better served in this case by remanding this cause to the deputy commissioner for further consideration, and correc *34 tion of the alleged errors, rather than for this court to undertake its own determination of the facts from the record. Even though we might, in good conscience, be capable of objectively determining whether the record supports the order’s ultimate findings, we will decline to do so because of the substantial risk that we will give the appearance of weighing the evidence. This court does not act as the trier of fact.
Accordingly, this cause is reversed and remanded.
MILLS and SHAW, JJ., concur.

. We must point out again, however, that the failure of counsel to give proper attention to the contents of the deputy commissioner’s order has resulted in a needless waste of time, money, and the judicial resources of this state. Genuine Parts Co. v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982), Case No. AB-479, opinion filed January 28, 1982, 7 FLW 309; Acosta Roofíng Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).