449 So.2d 932 (1984)
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF WORKERS' COMPENSATION and Gladys Suarez, Appellants,
v.
AMERICAN BUILDING MAINTENANCE and Allstate Insurance Company, Appellees.
No. AC-343.
District Court of Appeal of Florida, First District.
May 2, 1984.
Douglas P. Chanco, Tallahassee, for appellant/Department of Labor and Employment Security.
Franklyn B. Glinn, Miami, for appellant/Gladys Suarez.
Eugene Williams of Williams & Zientz, Coral Gables, for appellees.

ON MOTION FOR REVIEW OF DENIAL OF MOTION TO TAX COSTS
PER CURIAM.
This case is before us on a motion filed by the Department, pursuant to Rule 9.400(c), Fla.R.App.P., for review of the deputy commissioner's order denying the Department's motion to tax costs. We reverse, and order costs of the appeal incurred by the claimant in Suarez v. American Building Maintenance, 412 So.2d 32 (Fla. 1st DCA 1982), to be paid by the employer/carrier.
Gladys Suarez, a claimant in a workers' compensation proceeding, appealed an adverse order. Pursuant to Florida Workers' *933 Compensation Rules of Procedure, claimant filed a verified petition for relief from costs. The petition was granted in an order dated May 20, 1981, with the costs to be borne by the Workers' Compensation Administrative Trust Fund. The record costs totaled $2,563.95.
This court found that the appeal was concerned primarily with alleged material errors in the deputy's findings and reversed the order and remanded the cause for further proceedings. Suarez v. American Building Maintenance, supra. Following the issuance of this mandate, the Department of Labor and Employment Security moved for payment of costs to the Workers' Compensation Administrative Trust Fund by the employer/carrier.
On June 30, 1982, the deputy commissioner entered an order in which he made new findings of fact, found the claimant's condition to be unchanged, and again denied and dismissed claimant's petition for modification. A Motion to Tax Costs was heard on February 25, 1983. Costs were denied by the deputy commissioner on the grounds that all benefits claimed were ultimately denied and the claimant was not the prevailing party as contemplated by Section 440.34(3), Florida Statutes.
The Department timely filed a notice of appeal. This court dismissed the appeal with directions to file a motion for review pursuant to Florida Rule of Appellate Procedure 9.400(c).
Costs are to be taxed to the prevailing party unless the court orders otherwise under Florida Rule of Appellate Procedure 9.400(a). If a claimant in a workers' compensation proceeding "should prevail in any proceeding before a deputy commissioner or court," costs are to be taxed against the employer. Section 440.34(3). In this case, the issue is solely one of taxation of appellate costs. In the appeal to this court, the claimant was the "prevailing party" in that her allegations as to the errors in the findings of fact were sustained and the order reversed. Tomorrow's Choice, Inc. v. Bassing Company, Inc., 364 So.2d 530 (Fla. 3d DCA 1978) (counter-plaintiff who won a reversal was entitled to appellate costs even though on remand he still recovered no damages). Further, while the employer/carrier may have been successful when the deputy commissioner reconsidered the claim, this court recognized that the necessity for appellate proceedings was at least in part the responsibility of the employer/carrier. See, footnote 1, Suarez, at 33.
Appellee argues that Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), controls the instant case. It is argued that Acosta stands for the proposition that errors, such as the ones complained of by appellants in the instant case, should be brought to the attention of the deputy commissioner by motion for rehearing or clarification before the order becomes final. There was no such motion in this cause. However, appellees' reliance on Acosta is misplaced. In Acosta, this court affirmed an award of temporary disability benefits even though the deputy had inadvertently inserted an incorrect date on the order. The error was treated as inconsequential. It is clear that, in reversing the deputy's first order in the instant case, this court found the errors present not to be "inconsequential." Thus, Acosta is inapposite.
Nor can it be said that the costs were "unnecessarily incurred" under "unusual circumstances." The appeal of the first order was properly before this court, which reversed the order.
REVERSED.
MILLS, SMITH and ZEHMER, JJ., concur.