484 So.2d 593 (1985)
AMERICAN MEDICAL INTERNATIONAL, INC., Palm Beach Gardens Community Hospital, Inc., and T.R. Bruce, Jr., Appellants/Cross-Appellees,
v.
Zbigniew SCHELLER and Frederick P. Hobin, Appellees/Cross-Appellants.
No. 80-1650.
District Court of Appeal of Florida, Fourth District.
September 18, 1985.
Mark Hicks of Daniel & Hicks, Miami; Mercer K. Clarke of Smathers & Thompson, Miami, and Larry A. Klein, West Palm Beach, for appellants/cross-appellees.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellees/cross-appellants.

*594 ON MOTION TO REVIEW ASSESSMENT OF COSTS
DOWNEY, Judge.
After our mandate went down, appellant, American Medical International, Inc. (AMI), filed a motion to tax costs involved in the appeal. Among the items listed as taxable costs was a bond premium of $132,348 paid by appellants for a supersedeas bond. The trial court entered a cost judgment for appellants, but only allowed $100,000 for the bond premium although there was no dispute as to the amount paid by appellant or its reasonableness. AMI has filed a motion to review that aspect of the cost judgment pursuant to Rule 9.400(c), Florida Rules of Appellate Procedure.
The pertinent portions of the appellate rule in question read:
Rule 9.400. Costs and Attorney's Fees
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
Thus, it appears that the specified costs, including bond premiums, are taxable in favor of the prevailing party "unless the court orders otherwise." For our purposes the operative word is "court." Appellant contends that, in the present appellate rules, the term "court" refers to the tribunal in which the referenced appeal is pending. In applying the appellate rules to a case that is pending in the supreme court to review a decision of a district court of appeal, the "court" is the supreme court and the district court of appeal is the "lower tribunal" or lower court. If a matter is pending in the district court of appeal to review a decision of the circuit court, the "court" is the district court of appeal and the "lower tribunal" is the circuit court, and so on down the judicial ladder.
This analysis is made quite clear in Rule 9.020, Florida Rules of Appellate Procedure, and the attendant committee note. The note in pertinent part states:
The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the Chief Justice of the Supreme Court and to the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. When Supreme Court review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal". (Emphasis added.)
Thus, in subsection (a) of the rule on Costs and Attorney's Fees, where the rule states that costs shall be taxed in favor of the prevailing party unless the court orders otherwise, it means that costs falling in the named categories shall be taxed in favor of the prevailing party unless the court where the appeal was pending orders otherwise. For example, in the present case that means the district court of appeal  this court  must order otherwise in order for a trial court to refuse to tax costs in the named categories. However, the court actually determining the amount to be assessed must be allowed some discretion in arriving at the amount, otherwise anything the movant asks for would be automatically granted. The lower tribunal making the assessment must determine that the amounts set forth are necessary and reasonable. In making that determination a myriad of factors may be considered. Here, the trial judge heard evidence that the bond premium was so high because the appellant obtained extensions of time to file its briefs amounting to 400 days. Appellant pointed out to the lower court that appellee was not exactly *595 without fault himself because he obtained extensions of 253 days. Be that as it may, it was a difficult case from any standpoint and the question presented is a classic one for the exercise of a trial judge's discretion.
Therefore, we hold that, while under Rule 9.400, Florida Rules of Appellate Procedure, the trial judge may not disregard the items of cost listed in the rule, he does have discretion as to the amount to be allowed therefor, which discretion, of course, must be exercised in the light of competent evidence contained in the record.
Accordingly, we find no reversible error demonstrated and thus affirm the order appealed from.
GLICKSTEIN, J., and SMITH, RUPERT J., Associate Judge, concur.