SCHWARTZ, Chief Judge.
In Johnson v. Florida Unemployment Appeals Comm’n, 513 So.2d 1098 (Fla. 3d DCA 1987), this court held, contrary to the commission’s view, that Johnson had not been discharged by his employer, Jack Eck-erd Corporation, for misconduct and was therefore entitled to unemployment compensation benefits. After remand, the commission assessed the costs of the appeal against Jack Eckerd, which had been a named party appellee, but which, for its own reasons, did not actively participate in the appeal. In the present appeal from the order taxing costs, Jack Eckerd claims that it is not liable for such costs as a matter of law,[1] and that this expense must be borne by the commission instead. We do not agree.
While, under section 443.151(4)(e), Florida Statutes (1987), the commission is made a party respondent in every appellate proceeding involving a decision on the merits of a compensation claim — thus, strangely enough, rendering a tribunal a party to an appeal from its own ruling — it is apparent that no cognizable “interest” of the commission, which, in common with any other decision-making body, does not care who wins the case, is involved in the appeal. Thus, the acceptance of the appellant’s contention that the commission should pay the costs would place it in the curious position of taxing costs, as the “lower tribunal,” see Fla.R.App.P. 9.400(a), against itself as the losing party.
In contrast, only the employer and employee are parties in a position to gain or lose by the results of a compensation appeal. As to an employer, this is because an ultimately successful claim adversely affects the tax account maintainable under section 443.131(3)(a), Florida Statutes (1987); in this case, therefore, Eckerd would simply have been better off financially if Johnson had lost rather than won the case. It follows that it was the unsuccessful real party in interest. As such, under the established law, and even though there is no specific such provision in the Unemployment Compensation Act, Eckerd was correctly held liable under the general costs statute, section 57.021, Florida Statutes (1987), and rule, Florida Rule of Appellate Procedure 9.400, for the costs in question. See 20 Am.Jur.2d Costs § 26 (1965); 12 Fla.Jur.2d Costs § 13 (1979).
Affirmed.

. Jack Eckerd does not dispute the amount of the costs assessed.