652 So.2d 962 (1995)
Steven Louis FOLEY, Petitioner,
v.
The Honorable J. Leonard FLEET, Circuit Judge of the Seventeenth Judicial Circuit Court, in and for Broward County, Florida, et al., Respondent.
No. 94-1993.
District Court of Appeal of Florida, Fourth District.
April 5, 1995.
*963 Colleen M. Crandall of Colleen M. Crandall, P.A., Boca Raton, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles M. Fahlbusch, Asst. Atty. Gen., Hollywood, for respondent  The Honorable J. Leonard Fleet.
Nancy W. Gregoire, Joel L. Kirschbaum, and Teri L. Di Giulan of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for respondent  Robin Kert Foley.
KLEIN, Judge.
After denying the former husband's petition for writ of prohibition in a modification proceeding, this court granted the former wife's motion for attorney's fees "contingent upon respondent being the prevailing party" within the meaning of the parties' property settlement agreement. The trial court thereupon awarded her attorney's fees solely as a result of her prevailing on the prohibition, and former husband seeks review of that order by motion filed under Fla.R.App.P. 9.400(c). We reverse.
In their agreement the parties provided:
In the event either party seeks Court intervention for the purposes of modifying or enforcing any part of this Agreement, the prevailing party shall be entitled to an award of a reasonable attorney's fee and costs arising out the lawsuit to enforce or modify, whether the same be incurred in the trial court, in post judgment proceedings, mediation or in any appellate court.
The sole issue we are called upon to decide, which is whether former wife is a prevailing party within the meaning of the agreement, was answered in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla. 1992):
[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees.
The fact that the wife prevailed in this court on the husband's petition for writ of prohibition, in which she sought the recusal of the trial judge, does not make her the prevailing party in the litigation. She merely prevailed on one aspect of the proceeding which did not involve the merits. See Allstate Ins. Co. v. de la Fe, 647 So.2d 965 (Fla. 3d DCA 1994). Normally, unless there are separate and distinct claims which would support independent actions, there will only be one prevailing party in litigation. Reinhart v. Miller, 548 So.2d 1176 (Fla. 4th DCA 1989).
When a party moves for "prevailing party" attorney's fees in connection with a non-final appeal or petition, this court normally grants the motion conditioned on the movant ultimately prevailing in the litigation. While it seems anomalous to require a motion for prevailing party attorney's fees to be filed or considered in an interlocutory appellate proceeding, since that proceeding will not determine who ultimately prevails, it is necessary because without authorization from an appellate court, a trial court cannot award attorney's fees for services rendered on an appeal. Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984) and Travelers Indemnity Co. of America v. Morris, 390 So.2d 464 (Fla. 3d DCA 1980).
*964 We reverse that portion of the order determining that the former wife is a prevailing party without prejudice to her seeking its reinstatement if she ultimately prevails.
DELL, C.J., and STONE, J., concur.