695 So.2d 369 (1997)
Julia STRINGER, Appellant,
v.
Lawrence KATZELL, M.D., individually, Lawrence Katzell, M.D., P.A., a Professional Association, David G. Droller, M.D., individually, David G. Droller, M.D., P.A., a Professional Association, Appellees.
No. 95-1242.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Rehearing Denied April 15, 1997.
Laurence T. Adelman of Laurence T. Adelman, P.A., Coral Springs, for appellant.
Gina Caruso of Hicks, Anderson & Blum, P.A., Miami; Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach; and George Hartz Lundeen Flagg & Fulmer, Fort Lauderdale, for appellees.

ON MOTION FOR REVIEW OF ORDER TAXING APPELLATE COSTS
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), appellees seek review of the trial court's order awarding appellate costs. In Stringer v. Katzell, 674 So.2d 193 (Fla. 4th DCA 1996), this court reversed a directed verdict in favor of appellees/defendants in a medical malpractice action and remanded the case for a new trial. Having prevailed on appeal, Stringer moved the trial court for an assessment of appellate costs under Florida Rule of Appellate Procedure 9.400(a). The *370 trial court awarded $7,397.68 in appellate costs and denied appellees' motion for rehearing and stay of execution.
Because appellant was the prevailing party in the appeal, she was entitled to the award of appellate costs under rule 9.400(a). Department of Labor and Employment Sec. v. American Bldg. Maintenance, 449 So.2d 932 (Fla. 1st DCA 1984); Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625 (Fla. 3d DCA 1983); Swan v. Wisdom, 392 So.2d 987 (Fla. 5th DCA 1981); The "prevailing party" under rule 9.400(a) is "the party who prevailed in the appellate proceeding that was the subject of the motion to tax costs, and not necessarily the party who ultimately prevail[s] after the completion of all of the litigation." Padovano, Florida Appellate Practice § 16.2 (1988).
Appellate costs under rule 9.400(a) are to be distinguished from an award of attorney's fees under rule 9.400(b), which must await the determination of the ultimate prevailing party in the litigation. See Foley v. Fleet, 652 So.2d 962 (Fla. 4th DCA 1995); Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988).
The motion for review is denied and the orders of the trial court are affirmed.
GROSS and KLEIN, JJ., concur.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
I respectfully disagree with the interpretation given to the appellate cost rule by the majority. I also disagree that we have no choice but to require immediate execution on an appellate cost judgment by appellant against appellees.
Appellees successfully obtained a directed verdict below. Although appellant prevailed in this appeal because we reversed the directed verdict, appellant has yet to prevail in the underlying litigation. We should condition the award of appellate costs on appellant's obtaining a final judgment in her favor.
The rule on appellate costs states that "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise." Fla. R.App. P. 9.400(a) (emphasis supplied). "[T]he court" refers to the appellate court. See Fla. R.App. P. 9.020(c); American Medical Int'l v. Scheller, 484 So.2d 593 (Fla. 4th DCA 1985). In my opinion, the language "unless the court orders otherwise" vests discretion in the court to award appellate costs conditioned upon the party's ultimately prevailing at the conclusion of the litigation.
Another way to approach the rule is to interpret the term "prevailing party" consistent with the definition of "prevailing party" for an award of appellate attorney's fees. An award of appellate attorney's fees to the prevailing party on appeal is conditioned on the party's ultimately prevailing in the underlying litigation. See General Accident Ins. Co. v. Packal, 512 So.2d 344 (Fla. 4th DCA 1987), and cases cited therein. When a party moves for "prevailing party" attorney's fees where the ultimate outcome of the litigation remains unresolved, this court normally grants the motion conditioned on the movant's ultimately prevailing in the litigation. See Foley v. Fleet, 652 So.2d 962 (Fla. 4th DCA 1995); Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988).
In Mainlands Construction Co. v. Wen-Dic Construction Co., 482 So.2d 1369 (Fla. 1986), our supreme court held that even where a party was successful in overturning a dismissal of its mechanic's lien, the potential of an adverse ruling still existed, and a resolution of the rights to attorney's fees could thus not be made until the underlying litigation concluded. Following Mainlands, in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992), our supreme court held that the prevailing party with respect to attorney's fees is the party who wins the significant litigation issues.
There is a difference between the appellate rule on attorney's fees, rule 9.400(b), and the rule pertaining to costs, rule 9.400(a). The appellate rule on attorney's fees contemplates an allowance of attorney's fees to the prevailing party only if otherwise authorized by statute or contract. See Israel v. Lee, 470 So.2d 861, 862 (Fla. 2d DCA 1985). The appellate rule simply provides for assessment of costs to the prevailing party. It does not necessarily follow that the substantive law *371 concerning the definition of prevailing party should vary when it comes to the award of appellate costs versus appellate attorney's fees. I do not discern any difference in the policy considerations.
It has been recognized that costs are also not awarded unless they are authorized by statute or by the parties' agreement and, if awarded, such costs are taxable only pursuant to the statute or rule. Israel, 470 So.2d at 863; Miller v. Colonial Baking Co., 402 So.2d 1365, 1367 (1st DCA 1981) (citing Sears, Roebuck & Co. v. Richardson, 343 So.2d 678, 679 (Fla. 1st DCA 1977)). The statute on court costs states that costs shall be taxed "in each action when it is determined." § 57.021, Fla. Stat. (1995).
This statute has been uniformly construed to mean that taxable costs are only allowable at or after the time of entry of final judgment. Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610 (Fla. 2d DCA 1975); see Data Lease Fin. Corp. v. Blackhawk Heating & Plumbing Co., 384 So.2d 211 (Fla. 4th DCA 1980); Brinker v. Ludlow, 379 So.2d 999 (Fla. 3d DCA 1980), approved, 403 So.2d 969 (Fla.1981); Sears. To interpret the appellate rule as conditioning the award of appellate courts on the appellant's ultimately prevailing would thus also be consistent with the language of the statute on costs and the interpretation given to the statute.
Thus, I would hold that, as a general rule, a party who prevails on appeal is entitled to an award of appellate costs conditioned upon that party ultimately prevailing in the litigation. I realize that historically the appellate rule has been interpreted to mandate immediate taxation of appellate costs, including execution thereon. See Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625 (Fla. 3d DCA 1983); Swan v. Wisdom, 392 So.2d 987 (Fla. 5th DCA 1981); Yost v. Congress Int'l Dev. Corp., 383 So.2d 732 (Fla. 3d DCA 1980).[1] If my interpretation of the current appellate rule is incorrect, I would urge the Appellate Rules Committee of the Florida Bar to revisit the issue and make appropriate recommendations to the Florida Supreme Court.
NOTES
[1] The other districts which have considered the issue appear to have adopted a per se rule of allowing immediate execution without discussing the significance of the language "unless the court orders otherwise" or discussing the term "prevailing party." See Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625 (Fla. 3d DCA 1983); Swan v. Wisdom, 392 So.2d 987 (Fla. 5th DCA 1981); Yost v. Congress Int'l Dev. Corp., 383 So.2d 732 (Fla. 3d DCA 1980). In Swan, the appellant had been granted a new trial on appeal, but the ultimate outcome of the litigation was undetermined. The fifth district, in citing to Yost, did not discuss whether it would have discretion to condition the award on the party ultimately prevailing on appeal.