704 So.2d 587 (1997)
Peter S. FLEITMAN, Petitioner,
v.
Virginia McPHERSON (individually and as President, Townhomes of St. George Homeowners Association, Inc.); Dottie Melton (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Edward Wynot (individually and as Vice President and Director, Townhomes of St. George Homeowners Association, Inc.); William Williford (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Ray Munroe (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Judy Wilson (individually and as Director, Townhomes of St. George Homeowners Association, Inc.); Townhomes of St. George Homeowners Association, a homeowners' association incorporated under the Laws of Florida; KRM Management, Inc., a Florida corporation; Dan Issacs (individually and as KRM officer and property manager for Townhomes of St. George Homeowners Association, Inc., 300 Ocean Mile property); Steven Vancore, Respondents.
No. 96-4478.
District Court of Appeal of Florida, First District.
September 3, 1997.
Rehearing Denied November 13, 1997.
*588 Peter S. Fleitman, Petitioner, pro se.
Fred M. Johnson of Fuller, Johnson & Farrell, P.A., Tallahassee, for Respondents.

MOTION FOR REVIEW OF ORDER DENYING PETITIONER'S MOTION TO TAX APPELLATE COSTS
JOANOS, Judge.
Petitioner sought a writ of certiorari to quash a trial court order denying his motion to disqualify counsel Fred Johnson and his law firm, from continuing to represent the defendants named in petitioner's defamation complaint. The underlying litigation involves a suit against a St. George Island homeowners' association. The petition was granted to the extent that the order was quashed with respect to disqualification of Mr. Johnson at trial of the underlying suit, because it appeared Mr. Johnson would be a featured witness at the trial. The trial court's order was affirmed with respect to the denial of disqualification of Mr. Johnson's law firm. See Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997).
After issuance of the mandate, petitioner moved to tax costs pursuant to Florida Rule of Appellate Procedure 9.400(a). On June 12, 1997, the trial court issued an order, taking the motion to tax costs under advisement until the case is ultimately decided. The trial court found that since this court's ruling affirmed in part and reversed in part, it could not be determined which side prevailed. The trial court then relied upon Rogers v. State Board of Medical Examiners, 364 So.2d 1239 (Fla. 1st DCA 1978), for the proposition that since there was an absence of an ability to identify the prevailing party with a degree of certainty, it would be inappropriate to assess costs. The court further found it must consider the results of the entire litigation, not merely an interlocutory certiorari review, and thus it would be inappropriate to tax costs at this time.
Petitioner cites Reliable Reprographics Blueprint & Supply, Inc. v. Florida Mango Office Park, Inc., 645 So.2d 1040 (Fla. 4th DCA 1994), for the proposition that the order is an appealable non-final order, and not prefatory to another order, because the trial court was not required to rule on any other issues regarding petitioner's motion to tax appellate costs. Petitioner asserts he was *589 the prevailing party on the significant issues on appeal, he timely filed a motion to tax appellate costs, the trial court need not take any additional action on the issues appealed, and the applicable rules and case law preclude the trial court from deferring its ruling.
Respondent contends there has been no ruling either granting or denying petitioner's motion to tax appellate costs. Thus, there is nothing for this court to review, other than whether the trial court abused its discretion in taking the motion under advisement until a prevailing party could be determined with certainty.
The trial court's order is reversed and remanded with directions to make a determination as to the prevailing party on the significant issues on appeal in the interlocutory proceeding, for purposes of Florida Rule of Appellate Procedure 9.400(a). Florida Rule of Appellate Procedure 9.400(a) provides:
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
A trial court's ruling on a motion to tax appellate costs is reviewed to determine whether the trial court applied the correct law, and whether it abused its discretion. See Florida Power & Light Co. v. Polackwich, 705 So.2d 23 (Fla.1997). See also Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla.1992). "[T]he trial court must determine which party prevailed on the significant issues on appeal, not at trial." FP & L v. Polackwich, 705 So.2d at 25.
The trial court's reliance upon Rogers v. State Board of Medical Examiners, 364 So.2d 1239 (Fla. 1st DCA 1978), is misplaced. Rogers involved an appeal from an order of an administrative agency, thus implicating section 120.57(1)(b)6, which "requires an agency to preserve all testimony in a proceeding and, on request of any party, to make a full or partial transcript available `at no more than actual cost.'" 364 So.2d at 1240. When Rogers failed to pay for preparation of the appellate record, prepared in accordance with his directions, the agency moved for dismissal. Rogers filed a reply to the motion to dismiss, taking the position that he was not required to pay for preparation of the record on appeal, but attached a check payable to the agency as payment of costs of the record. Id. In that context, this court determined that the prevailing party could not be determined at that juncture of the case.
In contrast, in this case, petitioner prevailed on the question of disqualification of the attorney, while respondents prevailed on the question of disqualification of the law firm. Petitioner's effort to disqualify Mr. Johnson involved the attorney's actions during discovery. Since no further action need be taken by the trial court with respect to the attorney disqualification issue, it appears the trial court failed to apply the correct law, and abused its discretion, in declining to make a determination as to the prevailing party for purposes of an award of appellate costs with respect to the petition for certiorari. See FP & L v. Polackwich, and Stringer v. Katzell, 695 So.2d 369 (Fla. 4th DCA 1997).
The trial court also erred in delaying a decision as to costs pertaining to an interlocutory appeal, based on a determination that the court must consider the results of the entire litigation. In Stringer v. Katzell, the Fourth District reversed a directed verdict in favor of appellees/defendants in a medical malpractice action, and remanded the case for a new trial. Stringer then moved for assessment of appellate costs pursuant to Florida Rule of Appellate Procedure 9.400(a). The trial court awarded Stringer $7,397.68 in appellate costs, and denied appellees' motion for rehearing and stay of execution.
Appellees then sought review of the order awarding appellate costs. The court affirmed the award of appellate costs, holding *590 in part: "Because appellant was the prevailing party in the appeal, she was entitled to the award of appellate costs under rule 9.400(a). Department of Labor and Employment Sec., Div. Of Workers' Compensation v. American Building Maintenance, 449 So.2d 932 (Fla. 1st DCA 1984)."
The cases relied upon by respondent are distinguishable, in that they involve appellate attorney's fees under Florida Rule of Appellate Procedure 9.400(b), rather than costs pursuant to rule 9.400(a). An attorney's fee award cannot be made until the prevailing party in the underlying litigation is determined. However, the prevailing party under rule 9.400(a) is the party who prevailed in the appellate proceeding that was the subject of the motion to tax costs. Stringer.
Therefore, the trial court's order which deferred ruling on the motion to tax appellate costs is reversed and remanded, with directions to make a determination as to the party who prevailed on the significant issue in the petition for certiorari review, and for an award of costs pursuant to Florida Rule of Appellate Procedure 9.400(a). See FP & L v. Polackwich, citing Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992).
Reversed and remanded.
WOLF and VAN NORTWICK, JJ., concur.