732 So.2d 405 (1999)
Chandler M. LUCAS and Shirley K. Lucas, Appellants,
v.
BARNETT BANK OF LEE COUNTY, Appellee.
No. 97-00820.
District Court of Appeal of Florida, Second District.
April 14, 1999.
*406 Frank P. Murphy of Keane & Murphy, Naples, for Appellants.
Jeffrey D. Fridkin of Grant, Fridkin & Pearson, P.A., Naples, for Appellee.

ON MOTION FOR REVIEW OF APPELLATE COSTS ORDER
NORTHCUTT, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), we review the circuit court's order denying Chandler and Shirley Lucas's motion to recover judgment for appellate costs. We reverse the order and direct the circuit court to enter the judgment.
In this appeal the Lucases challenged a judgment modifying a mortgage, partial release of security agreement, and certificate of title. Barnett Bank of Lee County had previously foreclosed on a mortgage given by the Lucases, and had purchased the property at the foreclosure sale. The bank then filed a new action to reform erroneous legal descriptions in the foregoing documents, and obtained a summary judgment. We reversed because the circuit court lacked authority to correct the inaccurate legal descriptions without first canceling the certificate of title and setting aside the original foreclosure judgment. We noted that, after those things were accomplished, the bank could attempt to have the mortgage reformed and then sue to foreclose the reformed mortgage. Lucas v. Barnett Bank of Lee County, 705 So.2d 115, 116 (Fla. 2d DCA), review denied, 719 So.2d 287 (Fla.1998).
Following our disposition of the appeal, the Lucases filed motions under rule 9.400(a) to have the circuit court tax and grant them a judgment for appellate costs. The court entered an order taxing appellate costs, but then denied the Lucases' request to reduce the award to a judgment capable of execution, "without prejudice, pending ultimate determination of the prevailing party in this contract action."
The Lucases argue that the latter order violates the principle that entitlement to appellate costs generally is determined according to which party prevailed on the significant issues on appeal; it does not depend on or await the outcome of proceedings on remand. See Florida Power & Light Co. v. Polackwich, 705 So.2d 23 (Fla. 2d DCA 1997). See also Di Teodoro v. Lazy Dolphin Development Co., 432 So.2d 625, 625 (Fla. 3d DCA 1983) (holding that prevailing party on appeal was entitled to recover appellate costs judgment and enjoy immediate execution without awaiting disposition of case on remand); Swan v. Wisdom, 392 So.2d 987, 987 (Fla. 5th DCA 1981) (reversing circuit court's refusal to make appellate costs order a judgment subject to execution prior to outcome of new trial); Yost v. Congress International Development Corp., 383 So.2d 732, 732 (Fla. 3d DCA 1980) (holding that prevailing party on appeal entitled to immediate award of appellate costs without stay of execution).
*407 Barnett Bank does not dispute the general principle, but contends that as a practical matter the Lucases did not obtain significant relief in the appeal because our decision left open the possibility that the mortgage ultimately would be reformed and foreclosed. Therefore, the bank argues, the question whether the Lucases prevailed in the appeal cannot be answered until final resolution of the action in the circuit court.
We disagree. Although our decision in the appeal may not have been all that the Lucases hoped for, they did prevail on the significant issue in the case, i.e., the propriety vel non of the judgment correcting the legal descriptions in the bank's chain of title. Moreover, the reversal of that judgment conferred substantial benefits on the Lucases: In order to reform the incorrect legal descriptions the bank first would have to petition to set aside the foreclosure and certificate of title, thus returning the parties to their pre-foreclosure status. Lucas, 705 So.2d at 116. The Lucases' ownership of the property and their equity of redemption would be restored, thus renewing their opportunity either to retain the property or to extract some financial benefit from it. However illusory that opportunity may prove to be as a practical matter, it is quite significant as a legal matter.
Reversed with directions to grant the Lucases a judgment for their appellate costs.
WHATLEY, A.C.J., and QUINCE, PEGGY A., Associate Judge, Concur.