PER CURIAM.
On a motion for review pursuant to rule 9.400(c), Florida Rules of Appellate Procedure, Mark Osterback seeks review of an order denying his motion to tax appellate costs. By this motion, pursuant to rule 9.400(a), appellant sought to tax the costs incurred in an appeal of an order denying declaratory and mandamus relief. Osterback v. Turner, 837 So.2d 604 (Fla. 1st DCA 2003). The trial court denied the motion to tax appellate costs based on a finding that appellant was not the prevailing party on appeal inasmuch as this court “did not address the actual merits” of his complaint for declaratory and mandamus relief.
As we have previously explained, an award of costs under rule 9.400(a) does not depend on a party’s ultimate success on the merits of a claim, Newell v. Moore, 819 So.2d 846 (Fla. 1st DCA 2002), and the merits of a claim need not be considered by the appellate court for a party to be eligible for an award of appellate costs, see Smith v. Department of Corrections, 797 So.2d 1272 (Fla. 1st DCA 2001). It is sufficient if the party prevails “on the significant issue in the appeal.” Newell, 819 So.2d at 847.
Here, the appellant prevailed on the sig- ■ nificant issue raised in his prior appeal to this court. Accordingly, the order denying appellant’s motion to tax appellate costs is reversed, and the cause is remanded to the trial court for taxation of appellate costs in favor of appellant.
REVERSED AND REMANDED.
BOOTH, BENTON and VAN NORTWICK, JJ„ concur.