ON MOTION TO REVIEW ORDER DENYING COSTS

PER CURIAM.
Pursuant to Florida Appellate Procedure rule 9.400(c), the appellant seeks review of a trial court order denying his motion for taxation of appellate costs. In the order, the trial court found that the term “attorney’s fees” as used in sections 284.30 and 284.31, Florida Statutes (2011), included “costs” such that the appellant was precluded from recovering his appellate costs because he failed to comply with the notice requirement of section 284.30.[1] We disagree.
Costs and attorney’s fees are not one and the same. Costs, which include fees for filing and service of process, charges for preparation of the record, bond premiums, and other costs permitted by law, are to be taxed in favor of the prevailing party and “shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.” See Fla. R. App. P. 9.400(a). The prevailing party under rule 9.400(a) is “the party who prevailed in the appellate proceeding that was the subject of the motion to tax costs, and not necessarily the party who ultimately prevails] after the completion of all the litigation.” See Centennial Mortgage, Inc. v. SG/SC, Ltd., 864 So.2d 1258, 1261 (Fla. 1st DCA 2004) (quoting Stringer v. Katzell, 695 So.2d 369, 370 (Fla. 4th DCA 1997)).
In Johnson v. Jarvis, 74 So.3d 168 (Fla. 1st DCA 2011), we reversed the trial court’s order dismissing the appellant’s public records complaint and remanded for *430 an evidentiary hearing on the merits. On remand, we directed the trial court to determine whether there was a delay to produce the requested records and, if so, whether the delay was reasonable under the facts of the case. We provisionally granted the appellant’s motion for attorney’s fees and remanded to the trial court to assess the amount in the event the appellant prevailed below. While the assessment of attorney’s fees may be deferred until the determination of a prevailing party on remand, the assessment of costs is not likewise deferred. See Bernstein v. New Beginnings Trustee, LLC, 2 So.3d 346 (Fla. 4th DCA 2008); Centennial Mortgage, Inc., 864 So.2d at 1260 (“[A]n order taxing appellate costs is subject to entry immediately upon conclusion of the appeal and is not dependent upon the ultimate outcome of the case, nor upon a prevailing party analysis at the ultimate outcome of the case.”).
For purposes of appellate costs, the appellant was the prevailing party in Johnson v. Jarvis, 74 So.3d 168 (Fla. 1st DCA 2011), and is entitled to an award of his costs incurred therein. He is also entitled to the costs incurred in filing the instant motion seeking review of the trial court’s order denying his appellate costs. The order of the trial court denying costs is REVERSED.
THOMAS, ROBERTS, and CLARK, JJ., concur.

. The appellant also argues that the notice requirement in section 284.30 does not apply to enforcement of access to public records under Chapter 119, Florida Statutes. We need not and do not rule with respect to that argument.