NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PAUL DAVID DANIELS,                )
                                   )
            Petitioner,            )
                                   )
v.                                 )        Case No. 2D14-2897
                                   )
SORRISO DENTAL STUDIO, LLC,        )
                                   )
            Respondent.            )
_____    )

Opinion filed May 27, 2015.

Petition for Writ of Certiorari to the Circuit
Court for the Twelfth Judicial Circuit for
Manatee County; sitting in its appellate
capacity.

Paul David Daniels, pro se.

No appearance for Respondent.


VILLANTI, Chief Judge.

        Paul David Daniels filed a petition seeking second-tier certiorari review of

the opinion of the Twelfth Judicial Circuit sitting in its appellate capacity.  In that opinion,

the circuit court affirmed the county court's order dismissing Daniels' garnishment action

against Sorriso Dental Studio, LLC, the judgment debtor's employer, based on the

bankruptcy discharge of the underlying debt owed to Daniels by the judgment debtor.

Because the circuit court departed from the essential requirements of the law by applying the incorrect law when reviewing the county court's order, we grant the petition and remand for the circuit court to reconsider Daniels' appeal in light of the correct law.

The record shows that Daniels obtained a judgment of $5310 against Paula Demilly on August 14, 2012, based on a breach of contract action. At that time, Demilly was employed by Sorriso. On February 20, 2013, the county court entered a continuing writ of garnishment against Sorriso and in favor of Daniels. This writ was served on Sorriso on March 4, 2013; however, Sorriso failed to answer the writ, and the county court entered a default against it on April 1, 2013. Subsequently, on April 10, 2013, Sorriso answered the writ, admitted the obligation, and stated that it was withholding wages from Demilly to satisfy the debt. It also moved to set aside the default.

On April 17, 2013, Demilly filed a petition for bankruptcy. Shortly thereafter, the county court granted Sorriso's motion to vacate its default in the garnishment action but also sua sponte stayed that action pending the outcome of Demilly's bankruptcy action. On July 17, 2013, the bankruptcy court discharged Demilly's debt to Daniels.

The day after Demilly's bankruptcy discharge, Daniels filed a motion for judgment on the pleadings against Sorriso in the garnishment action. In a memorandum filed in support of his motion, Daniels argued that despite Demilly's bankruptcy, Sorriso's admission of the debt should entitle him to a judgment in his favor to the extent that Sorriso held funds garnished from Demilly's wages between the date the writ of garnishment was served and the date Demilly filed for bankruptcy. Notably,

Sorriso did not seriously dispute that it could be liable for this portion of the debt. Nevertheless, at the conclusion of the hearing, the county court not only denied Daniels' motion for judgment on the pleadings, but it also sua sponte dismissed the garnishment action against Sorriso, holding that the discharge of the debt to Daniels in Demilly's bankruptcy case also eliminated Daniels' claim against Sorriso. Daniels appealed this ruling to the circuit court; however, the circuit court affirmed, noting that the default against Sorriso had been set aside and the debt from Demilly was discharged before Daniels filed his motion for judgment on the pleadings. Daniels now seeks certiorari review of this opinion.

As an initial matter, this court's scope of review on second-tier certiorari is quite limited. When certiorari is invoked to review a decision of the circuit court sitting in its appellate capacity, "[t]he inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). Relief is warranted if the circuit court has departed from the essential requirements of the law. Id. at 526. As the supreme court has explained,

> the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. A district court should exercise its discretion to grant certiorari review *only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.

Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003) (citing Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000)). Such a departure may arise from the interpretation or application of controlling case law, statutes, procedural rules, or constitutional provisions. Id. at 890. And in second-tier certiorari review, the focus is on

whether the circuit court departed from the essential requirements of the law in deciding the appeal—not whether the county court applied the correct law in deciding the case initially.  See Ivey, 774 So. 2d at 683.

Here, the circuit court departed from the essential requirements of the law when it held that the discharge of Demilly's debt to Daniels in bankruptcy also eliminated Sorriso's independent liability to Daniels under the garnishment statute.  As the Florida Supreme Court has noted, Florida's garnishment statute requires a garnishee who has been served with a writ of garnishment to retain any property of the judgment debtor in the garnishee's possession or control until disposition or dissolution of the writ.  See Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc., 982 So. 2d 628, 632 (Fla. 2008) (citing § 77.06, Fla. Stat. (2002)).  The effect of this obligation is "to make the garnishee the trustee of the funds of the defendant."  In re Masvidal, 10 F.3d 761, 764 (11th Cir. 1993) (quoting Reaves v. Domestic Fin. Co., 152 So. 718, 720 (Fla. 1934)).  Thus, "[i]f a garnishee fails to retain the property of the [judgment debtor] or otherwise comply with the writ, the plaintiff may obtain a monetary judgment against the garnishee."  Arnold, Matheny & Eagan, P.A., 982 So. 2d at 632 (citing § 77.081).  This potential liability that may attach to the garnishee under the garnishment statute arises independently of the underlying debt, and it is legally separate from any liability that the underlying judgment debtor may have to the plaintiff.

With this statutory background in mind, it is apparent that while the discharge of Demilly's debt eliminated her liability to Daniels, that discharge did not and could not eliminate the independent liability that Sorriso could have to Daniels under the writ of garnishment.  Under the clear terms of the garnishment statute, Sorriso was

independently liable to Daniels for the amounts that it should have retained for Daniels' benefit between the date the writ of garnishment was served and the date Demilly filed for bankruptcy protection. The discharge of the underlying debt in Demilly's personal bankruptcy would not affect Sorriso's independent liability for the amounts it should have garnished before that discharge. To the extent that the circuit court believed otherwise and ruled on that belief, it departed from the essential requirements of the law.

Moreover, this departure from the essential requirements of the law resulted in a miscarriage of justice when the court also affirmed the county court's sua sponte dismissal of Daniels' garnishment action. The only motion before the county court was Daniels' motion for judgment on the pleadings. "A motion for judgment on the pleadings must be decided wholly on the pleadings without aid of outside matters." J & J Util. Co. v. Windmill Vill. By The Sea Condo. No. 1 Ass'n, 485 So. 2d 36, 36 (Fla. 4th DCA 1986). Like a motion for summary judgment, a judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment in his or her favor as a matter of law. See Farag v. Nat'l Databank Subscriptions, Inc., 448 So. 2d 1098, 1100 (Fla. 2d DCA 1984). If there are fact questions raised by the pleadings, a motion for judgment on the pleadings must be denied. Id. However, the proper result of the denial of a motion for judgment on the pleadings is for the case to proceed to trial—not dismissal of the action.

Here, while the county court may have properly determined that a judgment on the pleadings was improper in light of Sorriso's answer and affirmative defenses, that determination did not render Daniels' garnishment action subject to

- 5 -

dismissal. And not only was dismissal an improper response to the denial of a motion for judgment on the pleadings, but it also granted relief not requested by either of the parties, thereby violating Daniels' due process rights. See, e.g., Worthington v. Worthington, 123 So. 3d 1189, 1190-91 (Fla. 2d DCA 2013) (noting that courts are not authorized to award relief not requested by the pleadings and motions of the parties); Otero v. Gomez, 143 So. 3d 1089, 1092 (Fla. 3d DCA 2014); cf. Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) ("Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings." (quoting Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004))). A trial court simply may not sua sponte craft remedies that violate the parties' due process rights.

Here, it is apparent that the county court dismissed Daniels' garnishment action based on its misunderstanding of the interaction between the bankruptcy law applicable to Demilly and the garnishment law applicable to Sorriso. It is equally apparent that the circuit court held the same misunderstanding. Nevertheless, the circuit court's decision to ignore the county court's patent denial of Daniels' due process rights by granting unrequested relief constituted a departure from the essential requirements of the law that resulted in a miscarriage of justice. For this reason as well, we grant Daniels' petition for writ of certiorari and remand to the circuit court for it to reconsider the merits of Daniels' appeal under the correct law.

Petition granted.


SLEET and LUCAS, JJ., Concur.