NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PAUL DAVID DANIELS,                )
                                   )
           Petitioner,             )
                                   )
v.                                 )        Case No. 2D14-2897
                                   )
SORRISO DENTAL STUDIO, LLC,        )
                                   )
           Respondent.             )
                                   )

Opinion filed October 28, 2015.

Petition for Writ of Certiorari to the Circuit
Court for the Twelfth Judicial Circuit for
Manatee County; sitting in its appellate
capacity.

Paul David Daniels, pro se.

No appearance for Respondent.


**ORDER ON PETITIONER'S MOTION TO REVIEW DENIAL
OF PETITIONER'S MOTION FOR APPELLATE COSTS**


VILLANTI, Chief Judge.


        By motion filed pursuant to Florida Rule of Appellate Procedure 9.400(c),

Paul David Daniels seeks review of the trial court's order that denied his motion for an

award of appellate costs, made after this court granted Daniels' petition for writ of

certiorari, quashed the circuit court's order affirming the dismissal of Daniels' garnishment complaint, and remanded for reconsideration in light of the correct law. We grant the motion for review, reverse the county court's order to the extent that it denied Daniels' motion for appellate costs, and remand to the circuit court for further proceedings.

In earlier proceedings in this case, Daniels petitioned for a writ of second-tier certiorari to quash the circuit court's order that had affirmed the county court's dismissal of Daniels' garnishment action. We concluded that longstanding law dictated that while Daniels could no longer pursue the original judgment debtor due to her bankruptcy discharge, Sorriso Dental Studio, LLC, the judgment debtor's employer, was independently liable to Daniels for those sums that it should have garnished from the judgment debtor's wages between the time that the writ of garnishment was served and the date the judgment debtor filed for bankruptcy. See Daniels v. Sorriso Dental Studio, LLC, 164 So. 3d 778, 781 (Fla. 2d DCA 2015). Hence, we concluded that the circuit court had applied the incorrect law in affirming the dismissal of Daniels' action, and we quashed the decision and remanded for reconsideration of the petition in light of the correct law. Id. In his petition, Daniels also sought to have us quash the circuit court's ruling that affirmed the county court's order that denied his motion for judgment on the pleadings. In our opinion, we noted that we could not conclude that that ruling constituted a departure from the essential requirements of the law based on the record before us. Id. at 782. Our opinion issued on May 27, 2015, and mandate issued on June 15, 2015.

On June 22, 2015, Daniels filed a timely motion for taxation of appellate costs in the circuit court pursuant to Florida Rule of Appellate Procedure 9.400(a). That rule provides that "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise." Fla. R. App. P. 9.400(a). The term "court" in this phrase refers to the appellate court—not the trial court. See Am. Med. Int'l, Inc. v. Scheller, 484 So. 2d 593, 594 (Fla. 4th DCA 1985). Further, the costs shall be taxed "by the lower tribunal." Fla. R. App. P. 9.400(a). The "lower tribunal" is the court "whose order is to be reviewed." Fla. R. App. P. 9.020(e). Hence, under rule 9.400(a), as long as the motion to tax appellate costs is timely filed in the lower tribunal, appellate costs must be taxed in favor of the party who prevailed in the appeal unless the appellate court has ordered otherwise. See, e.g., Dahly v. Dep't of Children & Family Servs., 845 So. 2d 350, 351 (Fla. 2d DCA 2003); Giddens v. Tlsty, 98 So. 3d 257 (Fla. 1st DCA 2012); Am. Med. Int'l, 484 So. 2d at 594. The "lower tribunal" does not have the discretion to refuse to award appellate costs when the appellate court has not so ordered, although the lower tribunal does have discretion in determining the amount to be allowed based on the evidence in the record. See Am. Med. Int'l, 484 So. 2d at 594.

Here, Daniels' motion for an award of appellate costs was timely filed in the circuit court, which was the "lower tribunal" whose decision was being reviewed by this court. This court did not address any award of costs in its opinion and so did not order any departure from the general rule that the prevailing party is entitled to an award of appellate costs. Thus, it would initially seem that we should simply reverse the order denying Daniels' motion for appellate costs.

However, the record before us shows a more complicated problem because the circuit court—which was the lower tribunal in which Daniels properly filed his motion—did not rule on Daniels' motion. Instead, Daniels' motion was ruled upon by the county court. This was improper. As the Fourth District has explained:

> For our purposes the operative word is "court." Appellant contends that, in the present appellate rules, the term "court" refers to the tribunal in which the referenced appeal is pending. In applying the appellate rules to a case that is pending in the supreme court to review a decision of a district court of appeal, the "court" is the supreme court and the district court of appeal is the "lower tribunal" or lower court. If a matter is pending in the district court of appeal to review a decision of the circuit court, the "court" is the district court of appeal and the "lower tribunal" is the circuit court, and so on down the judicial ladder.

Id. (emphasis added).

Because the proceeding in this court was a second-tier certiorari proceeding, this court was the "court" and the "lower tribunal" was the circuit court—not the county court. Daniels properly filed his motion in the circuit court—not the county court. Nevertheless, the motion was not ruled upon by the circuit court; it was instead ruled upon by the county court. The county court had no authority to rule on a motion seeking to tax appellate costs in a proceeding from circuit court to this court. Therefore, to the extent that the county court ruled on that motion, its ruling is a nullity. Accordingly, we reverse the county court's order to the extent that it purported to rule on Daniels' motion for appellate costs and remand for the circuit court to rule on this motion.

Because we are remanding for the proper court to consider the motion, we address two arguments raised by Sorriso in the county court. First, Sorriso argued that

- 4 -

Daniels was not entitled to an award of his appellate costs because he did not prevail on all of the issues raised in his petition. However, the question is not whether Daniels prevailed on all of the issues in the petition—it is whether he prevailed on the "significant issues." See, e.g., Dahly, 845 So. 2d at 351; Lucas v. Barnett Bank of Lee Cty., 732 So. 2d 405, 407 (Fla. 2d DCA 1999); Fla. Power & Light Co. v. Polackwich, 705 So. 2d 23, 25 (Fla. 2d DCA 1997); Osterback v. Turner, 855 So. 2d 1237, 1238 (Fla. 1st DCA 2003). Here, the significant issue in the petition was whether the circuit court departed from the essential requirements of the law by affirming the dismissal of Daniels' garnishment action in light of the judgment debtor's bankruptcy. This court determined that the circuit court had applied the incorrect law in reaching this conclusion, and therefore Daniels prevailed on this issue. While Daniels also sought to have this court determine that the court departed from the essential requirements of the law by affirming the denial of his motion for entry of a judgment on the pleadings, that was neither his primary argument nor was it a "significant issue" in the appeal. Hence, although our decision may not have been all that Daniels hoped for, he did prevail on the significant issue in the case, i.e., the propriety of the dismissal of his action, and he was entitled to an award of his appellate costs on that basis. Cf. Lucas, 732 So. 2d at 407 (noting that while the Lucases had not obtained all of the relief they sought in their appeal, they had prevailed on the "significant issues" in the appeal and so were entitled to an award of appellate costs).

Second, Sorriso argued that it should not be liable for an award of costs because it was simply an "innocent bystander" below and in the appeal and petition. However, the record shows that Sorriso refused to turn over the wages it allegedly

- 5 -

garnished pursuant to the writ of garnishment, thus necessitating the action in the county court below.[1]  Further, Sorriso appeared through counsel at the hearing below and actively and strenuously argued against Daniels' position that he was entitled to the garnished funds.  This flatly contradicts the county court's finding that Sorriso "took no action to obstruct the collection of these funds."  Therefore, contrary to its assertions now, Sorriso was not an "innocent bystander" in this action, and in light of this, an award of appellate costs may properly be entered against Sorriso.

In sum, for reasons not apparent from the record, the circuit court did not rule on Daniels' motion for appellate costs even though it was the "lower tribunal" charged with making this ruling.  Instead, the county court ruled on the motion without the authority to do so.  Therefore, we grant Daniels' motion for review, reverse the denial of his motion by the county court, and remand for this motion to be addressed by the circuit court.


SLEET and LUCAS, JJ., Concur.

---

[1]It appears from the underlying record that Sorriso did not, in fact, actually garnish any wages from the judgment debtor.  By virtue of this court's opinion and Sorriso's failure to comply with the writ of garnishment that had been properly served on it, Sorriso itself will now be independently liable to Daniels for the funds it should have garnished.  Thus, it unquestionably has a financial interest in this litigation, making it an interested—rather than an innocent—party.  See Jack Eckerd Corp. v. Fla. Unemployment Appeals Comm'n, 525 So. 2d 468, 469 (Fla. 3d DCA 1988) (noting that a party whose financial interest is affected by the litigation is an interested party, regardless of what entities are named in the style of the case).