NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PAOLA PEREZ, )
f/k/a PAOLA FAY, )
)
      Appellant, )
)
v. )      Case No. 2D13-4217
)
DERIK FAY, )
)
      Appellee. )
_____ )

Opinion filed December 23, 2015.

Appeal from the Circuit Court for Lee
County; Elisabeth Adams, Judge.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellant.

Robert J. Coleman of Coleman & Coleman,
Fort Myers, for Appellee.


## ORDER ON APPELLANT/MOTHER'S MOTION TO REVIEW DENIAL OF APPELLATE COSTS


VILLANTI, Chief Judge.


      By motion filed pursuant to Florida Rule of Appellate Procedure 9.400(c),

Paola Perez (the Mother) seeks review of the circuit court's order that denied her motion

for an award of appellate costs, made after this court affirmed in part and reversed in

part the Amended Supplemental Final Judgment entered on the amended supplemental petition for modification filed by Derik Fay (the Father). We grant the motion for review, reverse the order denying costs, and remand for further proceedings.

In the parties' initial dissolution judgment, the court awarded the Mother primary residential custody of the parties' young daughter. After the Mother suffered a health crisis, the Father filed an emergency motion for custody, which the circuit court granted ex parte. A short time later, the Mother filed a motion to vacate the ex parte emergency order so as to regain primary residential custody of her daughter. In response, the Father filed a supplemental petition to modify primary residential custody. After an extended period of highly contentious proceedings that culminated in a heated evidentiary hearing, the circuit court entered an Amended Supplemental Final Judgment that made the emergency custody order permanent; gave the Father ultimate decision-making authority for all parenting decisions; reduced the amount of the Mother's supervised time-sharing; altered the responsibility for payment of the time-sharing supervisor; gave the time-sharing supervisor control over the scheduling of the Mother's time-sharing; and imposed a restriction prohibiting the Mother, a Venezuelan native, from speaking Spanish to her daughter. The Mother appealed this judgment. After a thorough review of the record and the contentious proceedings below, this court affirmed the permanent change of primary residential custody, but we reversed all other aspects of the Amended Supplemental Final Judgment. In addition, we ordered the circuit court on remand to identify the specific steps that the Mother needed to take to reestablish unsupervised time-sharing and/or primary residential custody. See Perez v.

Fay, 160 So. 3d 459 (Fla. 2d DCA 2015).  Our opinion issued on January 23, 2015, and mandate issued on April 30, 2015.

On May 11, 2015, the Mother filed a timely motion for taxation of appellate costs in the circuit court pursuant to Florida Rule of Appellate Procedure 9.400(a).  That rule provides that appellate "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise."  Fla. R. App. P. 9.400(a) (emphasis added).  The term "court" in this phrase refers to the appellate court—not the circuit court.  See Am. Med. Int'l, Inc. v. Scheller, 484 So. 2d 593, 594 (Fla. 4th DCA 1985).  Hence, under rule 9.400(a), if the motion to tax appellate costs is timely filed in the lower tribunal, appellate costs must be taxed in favor of the party who prevailed in the appeal unless the appellate court has ordered otherwise.  See, e.g., Dahly v. Dep't of Children & Family Servs., 845 So. 2d 350, 351 (Fla. 2d DCA 2003); Giddens v. Tlsty, 98 So. 3d 257 (Fla. 1st DCA 2012); Am. Med. Int'l, 484 So. 2d at 594.  The circuit court does not have discretion to refuse to award appellate costs when the appellate court has not ordered that costs be denied, although the circuit court is charged with determining which party prevailed and does have discretion in determining the amount to be allowed based on the evidence in the record.  See Am. Med. Int'l, 484 So. 2d at 594.

Here, this court did not address any award of costs in its opinion and so did not order any departure from the general rule that the prevailing party is entitled to an award of appellate costs.  The Mother successfully obtained a reversal on significant substantive aspects of the Amended Supplemental Final Judgment, and she filed a timely motion for an award of costs in the trial court pursuant to rule 9.400(c).  On these

facts, we conclude that the trial court erred in denying the Mother's motion for appellate costs.

In response to the Mother's motion for appellate costs, the Father argues—as he did successfully in the circuit court—that the motion was properly denied because the Mother was not the prevailing party on appeal. While admitting that the Mother prevailed on seven of the eight issues she raised, the Father asserts that the "main issue" on appeal was the identity of the primary residential parent and that because the Mother did not prevail on this single issue she was therefore not the prevailing party. However, the dispositive question is not whether the Mother prevailed on <u>all</u> of the issues in the appeal—it is whether she prevailed on the "significant issues." See, e.g., <u>Lucas v. Barnett Bank of Lee Cty.</u>, 732 So. 2d 405, 407 (Fla. 2d DCA 1999); <u>Fla. Power & Light Co. v. Polackwich</u>, 705 So. 2d 23, 25 (Fla. 2d DCA 1997); <u>Osterback v. Turner</u>, 855 So. 2d 1237, 1238 (Fla. 1st DCA 2003). Costs are properly awarded to the party who prevailed on the "significant issues" in the appeal, even if the party did not obtain all of the relief sought. See <u>Lucas</u>, 732 So. 2d at 407 (noting that while the decision on appeal "may not have been all that the Lucases hoped for, they did prevail on the significant issue in the case" and so were entitled to an award of appellate costs); <u>N. Am. Van Lines, Inc. v. Ferguson Transp., Inc.</u>, 662 So. 2d 1275, 1276 (Fla. 4th DCA 1995) (finding that North American prevailed on the "significant issues" in the appeal when it successfully obtained reversal of the $13,000,000 punitive damages award even though the $1,300,000 compensatory award was affirmed); <u>Kirkland v. Kirkland</u>, 618 So. 2d 295, 298 (Fla. 1st DCA 1993) (reversing the denial of a motion for appellate costs because even though the former wife "did not prevail on every issue at the last appeal,

she won the major issues"), <u>disapproved of on other grounds by</u> <u>Boyett v. Boyett</u>, 703 So. 2d 451 (Fla. 1997). Thus, the determination of whether a party is the "prevailing party" is not, as the Father would have it, an all-or-nothing proposition.

Here, the appeal of the Amended Supplemental Final Judgment dealt with numerous issues, including the imposition of significant new restrictions on the Mother's time-sharing that had not been requested in the pleadings and the circuit court's failure to specify the steps necessary for the Mother to reestablish unsupervised time-sharing with, and ultimately primary residential custody of, her daughter. The Mother prevailed on each of these issues. The sole issue on which she did not wholly prevail, while undoubtedly significant, was the circuit court's decision to make the emergency change of primary residential custody permanent; however, even there, the Mother prevailed to the extent that we required the court on remand to set forth a concrete set of steps necessary for the Mother to reestablish primary residential custody. Therefore, contrary to the conclusion of the circuit court, the Mother was the prevailing party on the significant issues in the appeal, and she was inarguably entitled to an award of her appellate costs. Accordingly, we reverse the order denying costs and remand for entry of a cost judgment in favor of the Mother.

Reversed and remanded with directions.

WALLACE and KHOUZAM, JJ., Concur.