DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KANDYCE MCPHERSON,**
Appellant,

v.

**KILLYAH SAMUEL,**
Appellee.

No. 4D2023-2613

[July 30, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kevin P. Tynan, Judge; L.T. Case No. DVCE23006532(45).

Kandyce McPherson, Riviera Beach, pro se.

Mirna Lucho, Hollywood, for appellee.

### ON MOTION FOR REVIEW

FORST, J.

We deny Appellee Killyah Samuel's January 12, 2025 motion for review of the trial court's award of appellate costs granted to appellant Kandyce McPherson following our opinion in *McPherson v. Samuel*, 392 So. 3d 565 (Fla. 4th DCA 2024), *reh'g denied* (Aug. 16, 2024). We also deny McPherson's April 1, 2025 motion to dismiss Samuel's motion for review.

### Background

Our 2024 opinion sets the scene for the instant action.

> Samuel petitioned for an injunction for protection against stalking against McPherson. Based on the petition and Samuel's testimony at an ex parte hearing, the trial court granted a temporary injunction and set a hearing regarding Samuel's permanent injunction petition for September 26, 2023. McPherson was served with a copy of the temporary injunction on September 18, 2023. The next day, McPherson

filed a motion to reschedule the hearing, stating that she would be out of the country until the day after the hearing was scheduled. The court denied the request two days later without explanation. McPherson did not appear at the hearing, and the trial court granted Samuel's request for a permanent injunction.

McPherson timely moved to vacate the permanent injunction and for rehearing, explaining that issues with her return flight prevented her from attending the permanent injunction hearing. Both requests were denied without elaboration. Later, on Samuel's motion, the trial court amended the permanent injunction to increase the distance which McPherson is required to keep from Samuel. McPherson . . . timely appeal[ed] the amended permanent injunction.

*Id.* at 567.

In our reversal opinion, we agreed with McPherson "that the trial court erred in denying McPherson's motion to continue the permanent injunction hearing [and we thus] vacate[d] the permanent injunction, reinstate[d] the temporary injunction against McPherson, and remand[ed] for a new permanent injunction hearing." *Id.* at 566. We explicitly noted that we were not addressing the permanent injunction's merits. *Id.*

Upon receipt of our opinion, McPherson filed a "motion for entitlement to costs." Without holding a hearing, the trial court granted the motion and awarded appellate costs to McPherson. Samuel's motion for review argues that, following the logic of *Varveris v. Carbonell*, 785 So. 2d 576 (Fla. 3d DCA 2001), McPherson was not entitled to costs as she "did not prevail on the significant issues litigated on appeal." *Id.* at 577. Samuel notes that, following our opinion, the temporary injunction remained in force (as instructed in our opinion) pending a permanent injunction hearing.

Ultimately, following a hearing at which both parties appeared, the trial court denied Samuel's request for a permanent injunction and dissolved the temporary injunction. Samuel's appeal of that matter is separately pending. The instant case solely involves the January 12, 2025 motion for review of the trial court's award of appellate costs granted to McPherson.

## Analysis

*Varveris*' dissenting opinion argued that whether a temporary injunction remained in place "does not change the analysis [as t]he temporary injunction is an interim remedy to preserve the status quo." 785 So. 2d at 578 (Cope, J., dissenting). The dissent declared that "[t]he real issue on the prior appeal was whether Varveris' real estate would be sold, and this court's answer to that question was no." *Id.*

In the instant case, "[t]he real issue on the prior appeal was whether" McPherson would have the opportunity to challenge the merits of the petition for injunction for protection against stalking. Our opinion provided her with that opportunity.

Several cases have analyzed entitlement in the context of Florida Rule of Appellate Procedure 9.400(a), and the consensus seems to be more in line with the *Varveris* dissent, including *Stringer v. Katzell*, 695 So. 2d 369 (Fla. 4th DCA 1997). There, the appellant was successful in obtaining a reversal of a directed verdict and we remanded for a new trial. *See Stringer*, 695 So. 2d at 369. We determined the appellant was the "prevailing party," which in this context is "the party who prevailed in the appellate proceeding that was the subject of the motion to tax costs, and not necessarily the party who ultimately prevail[s] after the completion of all of the litigation." *Id.* at 370 (alteration in original) (quoting Philip J. Padovano, *Florida Appellate Practice* § 16.2 (1988)). *Stringer* has been cited multiple times by other courts when an appellant obtains a procedural victory, like appellant McPherson did here, which is appropriate for a costs award. *See, e.g.*, *Johnson v. Jarvis*, 107 So. 3d 428, 429–30 (Fla. 1st DCA 2012) (reversing trial court's dismissal of the appellant's complaint and remanding for evidentiary hearing); *Newell v. Moore*, 819 So. 2d 846, 847 (Fla. 1st DCA 2002) (reversing trial court's denial of a motion that the trial court found was insufficient).

As noted in *Daniels v. Sorriso Dental Studio, LLC*, 178 So. 3d 111 (Fla. 2d DCA 2015), "[t]he question is not whether [the appellant] prevailed on *all* of the issues in the petition—it is whether he prevailed on the 'significant issues.'" *Id.* at 113. Here, McPherson prevailed on the significant issue, which was the denial of her due process right to challenge the merits of the petition for injunction for protection against stalking. *See McPherson*, 392 So. 3d at 568 ("In light of this *denial of due process* and upon application of the three-pronged *Fleming* test, we conclude that the trial court abused its discretion in denying McPherson's motion to continue.") (emphasis added). Thus, we find no abuse of

discretion in awarding appellate prevailing party costs to appellant McPherson.[1]

## Conclusion

Pursuant to *Stringer,* we deny Samuel's motion for review and find no trial court error in awarding Samuel taxable costs incurred in her earlier denial of due process appeal. In so doing, we certify conflict with the Third District Court of Appeal's opinion in *Varveris v. Carbonell,* 785 So. 2d 576 (Fla. 3d DCA 2001).

*Motion denied and trial court order affirmed. Conflict certified.*

GROSS, J., concurs.
ARTAU, J., concurs in result only.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Samuel's motion for review contends that she was denied due process when, at an October 18, 2024 final hearing, the trial court announced it would not be holding an evidentiary hearing on McPherson's motion for entitlement to costs and instead would decide the issue on the basis of documentation submitted by the parties. Samuel has not provided a hearing transcript or otherwise established that she challenged the trial court's decision to proceed in this manner. Thus, the due process issue has not been preserved for appellate review. *See Jones v. Bank of Am., N.A.,* 401 So. 3d 334, 335 (Fla. 4th DCA 2024) (concluding the appellant's argument that the trial court failed to hold an evidentiary hearing was unpreserved because there was "nothing in the record demonstrat[ing] that [the appellant] either requested an evidentiary hearing or objected to the lack of one at the October 2nd hearing").